ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HACIENDA TULIPANES INC Y OTROS<br><br>Peticionario<br><br>v.<br><br>CRIADERO LA GLORIA INC Y OTROS<br><br>Recurrido | KLCE202400745 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2023CV00717<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparecen Hacienda Tulipanes, Inc., Florencio Berríos Castodad, Irma Sara Casillas Santos y la Sociedad Legal de Gananciales compuesta por ambos (peticionarios) y nos solicitan que revoquemos dos resoluciones interlocutorias notificadas por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario). Mediante el primer pronunciamiento recurrido, emitido el 22 de mayo de 2024, el foro primario dejó sin efecto una vista señalada y declaró ha lugar una *Moción informativa* presentada por Edgardo Vélez Ríos, Gloribel Miranda Navarro, Criadero La Gloria, Inc. y Crazy House, Inc.,[1] (recurridos). Luego, al atender una solicitud de reconsideración sobre el referido dictamen, el foro primario notificó una orden, en la que dispuso lo siguiente: "Informen las partes la determinación en relación a consolidación presentada en el caso más antiguo CG2022CV01555, sala 702."

---

[1] Apéndice, pág. 222.

Con el beneficio de la comparecencia de ambas partes,[2] estamos en posición de resolver.

De un examen sosegado del recurso ante nos, y en particular, el cuadro fáctico procesal que surge del apéndice se colige que, el recurso según presentado resulta prematuro, lo cual incide sobre nuestra jurisdicción. Veamos.

## I.

La demanda de epígrafe versa sobre alegados incumplimientos de contrato y daños ocasionados por los demandados en su manejo de un contrato de arrendamiento de la Hacienda Tulipanes, Inc., así como posteriores subarrendamientos y los presuntos actos ilegales perpetrados que resultaron en dolo contractual. De otra parte, es importante señalar que, mediante un pleito independiente entre las mismas partes (CG2022CV01555), se dilucida una acción de cobro de dinero por cánones de arrendamiento adeudados, entre otros asuntos.

Conforme surge del expediente y atinente a la causa ante nos, se presentó una solicitud de consolidación de pleitos en el caso más antiguo. Pendiente lo anterior, las partes continuaron el procedimiento de rigor, conforme el manejo del caso autorizado por el TPI en el caso de epígrafe.

Culminadas ciertas incidencias[3] que no son necesarias pormenorizar, el TPI entretuvo una *Moción solicitando orden protectora* instada por los recurridos.[4] En esencia, objetaron los reiterados requerimientos de admisiones dirigidas a la Sra. Miranda, toda vez que, a su entender, el mismo ya había sido contestado. En reacción a este y otros asuntos, el foro primario señaló una vista a celebrarse el 22 de mayo de 2024.[5] En reacción, los recurridos

---

[2] El 16 de agosto de 2024, la parte recurrida presentó su *Alegado en Oposición*.
[3] Véase lo resuelto por este panel en el KLCE20230798. Apéndice, págs. 94-102.
[4] Apéndice, págs. 217-218.
[5] Apéndice, págs. 220-221.

presentaron una *Moción informativa* el 16 de mayo de 2024 en la que informaron sobre la *Moción de consolidación* pendiente en el otro pleito y, a esos efectos, solicitaron la paralización de los procesos y reiteraron su súplica para la expedición de la referida orden protectora a su favor.[6]

A lo antes, se opuso la otra parte. Sostuvo que, no procede paralizar los procesos y coartarle el derecho a un descubrimiento de prueba amplio. Suplicó al foro primario que, dejara sin efecto la paralización de los procesos y diera por admitidos los requerimientos de admisiones en controversia. Evaluado lo anterior, el TPI emitió una *Resolución* el 22 de mayo de 2024 en la que resolvió: "Ha lugar. Se deja sin efecto la vista del 22 de mayo de 2024".[7] Inconforme la peticionaria solicitó reconsideración.

No obstante, en atención al petitorio de reconsideración, el TPI se limitó a ordenar a las partes a informar sobre la solicitud de consolidación pendiente en el otro pleito (CG2022CV01555).[8] De un análisis del referido dictamen nos resulta evidente que, el foro primario no ha resuelto el petitorio en reconsideración pendiente ante su consideración. De esta forma, nos impide la revisión apelativa solicitada. Nos explicamos.

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

---

[6] Apéndice, págs. 222-223.
[7] Apéndice, pág. 230.
[8] Apéndice, pág. 241.

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction LLC y otro,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso

apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### B. La moción de reconsideración y su efecto interruptor

En términos generales, una moción de reconsideración permite que, la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión antes de apelar o de acudir en revisión judicial. De igual manera, el petitorio de reconsideración viabiliza que, un foro adjudicativo enmiende o corrija los errores cometidos al emitir su dictamen. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742 (2023).

Cónsono con lo anterior, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 47, lee:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el

derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. (Énfasis nuestro.)

Como vemos, la citada Regla 47 establece que, el término de revisión judicial puede ser interrumpido por una oportuna y fundamentada solicitud de reconsideración. *Simons y otros v. Leaf Petroleum Corp.,* 209 DPR 216 (2022). Sobre el particular, el Tribunal Supremo ha resuelto que, el efecto interruptor de la moción de reconsideración siempre está sujeto a que se cumplan los requerimientos de la Regla 47. *Div. Empleados Públicos UGT v. CEMPR,* supra. A esos efectos, y citando a *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8 (2014), nuestro más Alto Foro expresó que, al determinar si un petitorio de reconsideración interrumpe el término para acudir en revisión judicial, el criterio rector es la especificidad. *Simons y otros v. Leaf Petroleum Corp.,* supra. De manera que, si una moción cuestiona razonablemente un dictamen y fundamenta su planteamiento cumple con la Regla 47. *Íd.*

**III.**

En el presente recurso, los peticionarios invocan nuestra jurisdicción para que revisemos tanto la *Resolución* del foro primario, mediante la cual declaró ha lugar la *Moción informativa* presentada por los recurridos y en su consecuencia, autorizó una

orden protectora y dejó sin efecto la vista señalada, así como otra *Orden* en la que solicita que las partes informen sobre la consolidación pendiente en otro pleito. Puntualizamos que, al examinar el expediente ante nuestra consideración nos percatamos de un asunto de índole jurisdiccional que amerita nuestra atención con prioridad, y así procedemos.

Se colige del tracto procesal que, el foro primario señaló una vista a celebrarse el 22 de mayo de 2024, en atención a una controversia sobre el descubrimiento de prueba.[9] Más adelante, los recurridos presentaron una *Moción Informativa*. En esta, le notificaron al TPI, la presentación de una solicitud de consolidación en el caso más antiguo (CG2022CV01555). Por consiguiente, le solicitaron al foro primario dejar sin efecto la vista señalada, la paralización del proceso y que emitiera una orden protectora en torno al descubrimiento de prueba.

Así las cosas, el foro primario declaró ha lugar la moción presentada y dejó sin efecto la vista señalada. En reacción, los peticionarios instaron una *Moción de Reconsideración de Resolución de 22 de mayo de 2024 (DKT.146)*, el 3 de junio de 2024. En su petitorio de reconsideración, de forma específica y fundamentada, los peticionarios le solicitaron al TPI la continuación de los procesos con el señalamiento de la vista en su fondo. A su vez, argumentaron que no procedía la concesión de una orden protectora y tampoco la paralización del caso. Por otro lado, expusieron que la solicitud de consolidación presentada en el otro pleito no había sido resuelta.

Luego de examinar el petitorio de reconsideración, el cual cumple con las especificidades de la Regla 47 de las Reglas de Procedimiento Civil, *supra*, el TPI emitió una *Orden* mediante la cual expuso lo siguiente: "Informen las partes la determinación en relación a consolidación presentada en el caso más antiguo

---

[9] Apéndice, págs. 220-221.

CG2022CV01555, sala 702". Entiéndase que, el foro primario sólo le requirió a las partes, que informaran la determinación, si alguna, sobre la solicitud de consolidación presentada en el otro pleito. Sin embargo, nos resulta evidente que el TPI no atendió ni adjudicó la solicitud de reconsideración instada por los peticionarios en torno a la determinación de dejar sin efecto la vista, la procedencia de una orden protectora y la paralización del caso.

En consideración a lo anterior, y nuestro deber de auscultar nuestra jurisdicción, como un asunto de umbral, colegimos que, hasta tanto el TPI no adjudique los planteamientos expuestos por los peticionarios, los términos para recurrir en revisión judicial ante esta Curia no habrán de comenzar a decursar. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330 (2018); *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014).

De manera que, nuestra intervención en esta etapa, sobre el caso y la controversia de marras, resulta prematura. Finalmente, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Lo anterior, por cuanto su presentación carece de eficacia y no produce efecto jurídico alguno, ya que en ese momento todavía no ha nacido autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles,* supra, pág. 501. Ante un tribunal que carece de jurisdicción, solo resta declararlo así y desestimar la reclamación, sin atender los méritos de la controversia. *Íd.* A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* nos faculta a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

**IV.**

En atención a lo previamente discutido, desestimamos el recurso instado por falta de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones